UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS GUILLERMO LUZARDO
FUENTES,

        Petitioner,

    v.                                                                Case No.:  2:26-cv-00296-SPC-DNF

LOUIS A. QUINONES, JR. *et al.*,

        Respondents,

                             /

## OPINION AND ORDER

Before the Court are Luis Guillermo Luzardo Fuentes's Verified Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 7), and Luzardo Fuentes's reply (Doc. 8).  For the below reasons, the Court grants the petition.

Luzardo Fuentes is a native and citizen of Venezuela who entered the United States in September 2023.  Border Patrol apprehended him and released him on his own recognizance with instructions to report to the Immigration and Customs Enforcement ("ICE") office in his local community. He has work authorization, and pending asylum application, and no criminal record.  Nevertheless, on January 2, 2026, a law enforcement officer arrested Luzardo Fuentes solely on the basis he is "undocumented" and booked him into the Orange County Jail.  There was no criminal charge, probable cause

affidavit, or warrant to justify his continued detention. So to circumvent a 72-hour limit on detention, officials periodically transported Luzardo Fuentes to an ICE facility, kept him there for a few hours, then rebooked him into the Orange County Jail. That continued until January 23, 2026, when Luzardo Fuentes was transferred to Alligator Alcatraz, where he remains detained without an opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Luzardo Fuentes. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Luzardo Fuentes asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-

2

922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

The respondents also argue § 1225(b)(2) applies to Luzardo Fuentes's current detention because he was detained at the border upon his entry in 2022. But applying § 1225(b)(2) to noncitizens years after they were apprehended at the border and released into the country does not comport with the policy justification for treating noncitizens in the country differently than those seeking entry. As the Supreme Court observed, "our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality. In the latter instance the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'" *Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953)); *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9),

3

and exhaustion is excused because it would be futile.  And like the petitioners in those cases, Luzardo Fuentes's detention is governed by § 1226(a), not § 1225(b)(2).  As a noncitizen detained under § 1226(a), Luzardo Fuentes has a right to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[1]

The Court will thus order the respondents to either bring Luzardo Fuentes before an immigration judge for an individualized bond hearing or release him within ten days.  The Court is aware that the Executive Office for Immigration Review is the agency that schedules bond hearings.  To be clear, subjecting Luzardo Fuentes to mandatory detention under § 1225(b)(2) is unlawful.  If the respondents are unable to ensure Luzardo Fuentes receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026), which agreed with the government's interpretation of the INA.  The decision is not binding here, and it contradicts the vast majority of district court opinions addressing the issue.  The Court respectfully disagrees with the majority's reasoning and finds Judge Douglas's dissent more persuasive.  And a circuit split is likely.  In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits.  *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

**ORDERED**:

Luis Guillermo Luzardo Fuentes's Verified Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)    Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Luzardo Fuentes for an individualized bond hearing before an immigration judge or (2) release Luzardo Fuentes under reasonable conditions of supervision.   If the respondents release Luzardo Fuentes, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 27, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record